Dr. Robert L. Potts, Chancellor Arkansas State University-Jonesboro Post Office Box 600 State University, Arkansas 72467-0600
Dear Chancellor Potts:
I am writing in response to your request for my opinion on a question I will paraphrase as follows:
 Do the provisions of A.C.A. 6-60-601 [sic: 6-60-604] allow a professor to retain any of the royalties generated when a professor requires students to purchase materials authored by the professor for classes taught by that same faculty member?
You have provided the following background information:
 Arkansas State University-Jonesboro is preparing the guidelines required by Act 106 of 2007. We need your interpretation as to whether the statute allows a professor to retain any of the royalties generated when a professor requires students to purchase materials authored by the professor for classes taught by that same faculty member. A.C.A. § 6-60-601(b)(2) [sic: 6-60-604(b)(2)] directs us to specify how the royalties may be used.
Could you please provide us with your opinion as to whether a portion of the royalties may be paid to the professor with the remainder going to programs that benefit students academically or whether 100% of the royalties must be forfeited when the professor requires his or her own materials to be used in a class that he or she is teaching.
RESPONSE
In my opinion, the Arkansas Code contains no direct proscription against a professor's receiving royalties generated by his students' purchase of class materials, so long as the university's policies with respect to the disposition of royalties gives priority to the students' academic welfare. As reflected in the emergency clause toAct 106 of 2007, the only direct mandate is that course materials be selected "without regard to any personal financial gain."
Section 6-60-604 of the Arkansas Code (Supp. 2007), enacted pursuant to Acts 2007, No. 106, § 1, provides as follows:
 (a) A state-supported institution of higher education shall establish guidelines for the use of royalties received by a faculty member from the sale of textbooks and course materials for classes taught by the faculty member.
 (b) The guidelines shall:
 (1) Be designed to acknowledge the conflict of interest; and
 (2) Specify how the royalties may be used, giving priority consideration to programs that benefit students academically.
The emergency clause to Act 106 provides in pertinent part:
 It is found and determined by the General Assembly of the State of Arkansas that state-supported institution of higher education professors may be offered financial incentives to select certain textbooks and course materials rather than others, and may personally benefit from the selection of certain textbooks and course materials; that in order to provide the best state-supported higher education possible, the best available textbooks and course materials should be objectively selected without regard to any personal financial gain; and that the passage of this act is immediately necessary to help students receive the best available textbooks and course materials needed for a quality education.
As noted in A.C.A. § 6-60-604(b)(1), the legislature has identified an inherent conflict of interest in a faculty member's requiring students to purchase academic materials that will result in the payment of royalties to that faculty member. Significantly, however, this subsection of the statute requires only that the conflict be "acknowledged" in the guidelines, not that it be invariably avoided. In my opinion, the university should be guided in its drafting of policy with respect to the disposition of royalties solely by the directive that the selection of classroom materials be designed to "benefit students academically." A.C.A. § 6-60-604(b)(2). Specifically in response to your question, I do not believe this directive mandates that "100% of the royalties . . . be forfeited when the professor requires his or her own materials to be used in a class that he or she is teaching." I believe the statute mandates no more than that a professor's financial interest in the sale of course materials play no part in the selection of those materials in the curriculum. I must leave it to the university's judgment to determine what restrictions on the disposition of royalties would be appropriate to ensure that this priority is met.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
 *Page 1